UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCO CASTRO, on behalf of himself
and others similarly situated

    Plaintiff,

v.                                        Case No:   2:15-cv-698-FtM-29MRM

WINDSTAR CLUB, INCORPORATED,

    Defendant.

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause comes before the Court on the Joint Motion for Approval of an FLSA Settlement Agreement and for Dismissal with Prejudice (Doc. 23) and Settlement Agreement (Doc. 23-1) filed on April 26, 2016.  Plaintiff Marco Castro and Defendant Windstar Club, Incorporated request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.  After review of the parties' submission, the Undersigned recommends that the settlement agreement be approved.

    To approve the settlement of an FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-53.  The first, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees.  *Id*. at 1353.  The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages.  *Id*.  When employees file suit, the proposed settlement must be presented

to the District Court for its review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

In this case, Plaintiff worked for Defendant as a sous chef.  (Doc. 23 at 2 ¶ 4).  Plaintiff alleges that Defendant committed overtime wage violations under the FLSA.  (*Id.* at ¶ 5). Defendant denies Plaintiff's allegations and asserts Plaintiff was exempt from overtime.  (*Id.*). Based on these contentions, *bona fide* disputes exist in this case.

The parties state that this settlement is reasonable in light of the issues in dispute and costs to the parties.  (*Id.* at 3 ¶ 9).  The Joint Motion and Settlement Agreement state that Plaintiff will receive $15,400.00 in settlement for his claims.  (Doc. 23 and 2-3 ¶ 7 and 23-1 at 1-2 ¶ 2).  Plaintiff will receive $5,000.00 as compensation for back wages and an additional $5,000.00 for liquidated damages.  (*Id.*).  After review, the Undersigned finds that the terms of the Settlement Agreement are reasonable as to wages and liquidated damages.

Additionally, Defendants agreed to pay $5,400.00, representing Plaintiff's reasonable attorneys' fees and costs in this action.  (*Id.*).  As explained in *Bonetti v. Embarq Management Company*, "the best way to insure that no conflict [of interest between an attorney's economic

interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). The Court further stated that

> [i]f these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement. In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.

In the present case, the amount of attorneys' fees was negotiated as a separate amount apart from the amount to be paid to Plaintiff. (Doc. 23 at 4). Because attorneys' fees and costs were determined separately and apart from Plaintiffs' recovery, the Undersigned finds that the settlement and attorneys' fees were agreed upon without compromising the amount paid to Plaintiffs.

Without contradictory evidence, the Settlement Agreement (Doc. 23-1) appears to be a fair and reasonable resolution of the parties' FLSA issues.

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the parties' Joint Motion for Approval of an FLSA Settlement Agreement and for Dismissal with Prejudice (Doc. 23) be **GRANTED** and that the Settlement Agreement (Doc. 23-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) The Undersigned further recommends that if the Court adopts this Report and Recommendation, that the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Fort Myers, Florida on April 28, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties